ARMED SERVICES BOARD OF CONTRACT APPEALS

| | |
|---|---|
| Appeal of -- | ) |
| | ) |
| Delta Industries, Inc. | ) ASBCA No. 61670 |
| | ) |
| Under Contract No. SPE4A5-18-P-0566 | ) |

APPEARANCE FOR THE APPELLANT:      Mr. George S. Price
                                                                          Contract Administrator

APPEARANCES FOR THE GOVERNMENT:      Daniel K. Poling, Esq.
                                                                                 DLA Chief Trial Attorney
                                                                              Edward R. Murray, Esq.
                                                                                 Trial Attorney
                                                                                 DLA Aviation
                                                                                 Richmond, VA

## OPINION BY ADMINISTRATIVE JUDGE D'ALESSANDRIS ON THE GOVERNMENT'S MOTION TO DISMISS

Pending before the Board is the motion to dismiss the appeal of appellant, Delta Industries, Inc. (Delta), for lack of jurisdiction filed by the government, the Defense Logistics Agency (DLA or government). In its appeal, Delta seeks an order directing the contracting officer to issue a final decision. DLA asserts that the Board lacks jurisdiction because Delta's motion is premature, having been filed less than sixty days after its claim. Additionally, DLA asserts that the Board lacks jurisdiction to entertain an appeal from the withdrawal of a unilateral purchase order. For the reasons stated below, we deny DLA's motion to dismiss.

## STATEMENT OF FACTS (SOF) FOR PURPOSES OF THE MOTION

On August 31, 2017, DLA issued Request for Quotations No. SPE4A5-17-T-FS26 for 15 retainer assemblies, National Stock No. 4920-01-134-8952 (gov't mot., ex. 1).[*] Delta submitted a quote on September 26, 2017 (gov't mot., ex. 2 at 1, 6), and DLA issued Purchase Order No. SPE4A5-18-P-0566 to Delta on October 16, 2017 (gov't mot., ex. 3). Much else that follows is disputed by the parties. The copy of the contract

---

[*] The Board is permitted to make factual findings regarding facts supporting jurisdiction. *See, e.g., L-3 Communications Integrated Systems, L.P.*, ASBCA Nos. 60713, 60716, 17-1 BCA ¶ 36,865 at 179,625. Delta has not yet filed its complaint, but we deem the jurisdictional allegations it makes in its opposition brief to be those it would make in its complaint.

attached to DLA's motion is not signed by Delta, and DLA contends that it is a unilateral purchase order (*id.*). However, Delta contends that it signed and returned the purchase order, creating a bilateral contract (app. opp'n at 1, ex. 1). Delta asserts that the contract was subject to Defense Priority Procurement (DPAS) protocols, and therefore was administered exclusively by the Defense Contract Management Agency (DCMA). According to Delta, the DCMA contract administrator (CAO) agreed to the modification of the delivery schedule for the parts. (App. opp'n at 1) Delta asserts that it completed the contract and that the parts passed inspection and were accepted and made ready for delivery (gov't mot., ex. 7). Delta further contends that it was unaware that DLA had issued a modification terminating the contract (app. opp'n, ex. 2). Delta asserts that the DLA procurement contracting officer (PCO) improperly terminated the contract and incorrectly refused to acknowledge the CAO's administrative oversight as reflected in the contract and the DPAS requirements (app. opp'n at 2).

Delta submitted its unsigned "Claim for damages and restitution per FAR 33.206 – Initiation of a claim" by email to DLA on June 6, 2018 (gov't mot., ex. 7). On June 26, 2018, Delta submitted its "Notice of Appeal: unwarranted contract cancellation without cause or notification by the Procurement Contracting Officer" to the Board. Delta requests that the Board "direct the Contracting Officer to issue a final decision on the matter of the preemptively cancelled contract so that the parties can seek resolution for unwarranted cancellation or to reinstate the delivery protocols so that payment protocols [are] reinstated and delivery authorized." The Board docketed Delta's appeal on June 28, 2018.

## DECISION

DLA first asserts that Delta's appeal should be dismissed as premature. Pursuant to 41 U.S.C. § 7104(a), a contractor may appeal to this Board within 90 days of receipt of a contracting officer's final decision. The Contract Disputes Act claim requirements at 41 U.S.C. § 7103 provide that a claim must be submitted to the contracting officer and that a contracting officer must issue a final decision within 60 days on claims of $100,000 or less. 41 U.S.C. § 7103(f). However, a contractor may appeal from the deemed denial of the claim if the contracting officer does not issue his or her decision within the allotted time period. 41 U.S.C. § 7103(f)(5). Here, Delta filed its notice of appeal to this Board 20 days after submission of its claim, and, thus, DLA contends that the appeal is premature and requests that the appeal be dismissed for lack of jurisdiction. It is the practice of the Board to retain jurisdiction "when at the time we consider a motion to dismiss, an unreasonable period of time has elapsed, [and] no useful purpose would be served by dismissing an appeal and requiring appellant to refile." *Ensign-Bickford Aerospace & Defense Co.*, ASBCA No. 58671, 14-1 BCA ¶ 35,599 at 174,409 (quoting *Fru-Con Construction Corp.*, ASBCA No. 53544, 02-1 BCA ¶ 31,729 at 156,757). "To dismiss this appeal now would be 'inefficient and an elevation of form over substance.'" *Id.* (quoting *Cessna*

2

*Aircraft Co.*, ASBCA No. 43196, 92-1 BCA ¶ 24,425 at 121,909). Thus, we deny the portion of the government's motion to dismiss for lack of jurisdiction that is premised upon a premature appeal. As Delta's correspondence has been docketed by the Board as an appeal, rather than a petition for a final decision, we elect not to "stay the proceedings of the appeal or action to obtain a decision by the contracting officer." *See* 41 U.S.C. § 7103(f)(5).

DLA additionally seeks to dismiss Delta's appeal because the Board lacks jurisdiction to review the withdrawal of a unilateral purchase order (gov't mot. at 3-4). However, here Delta alleges that there was a bilateral contract. Although DLA refers to its motion as being for lack of jurisdiction, we believe that dismissal would be for failure to establish an essential fact for a claim for relief (the existence of a contract) which would be evaluated as a failure to state a claim upon which relief may be granted. In consideration of such a motion, the Board is not permitted to consider evidence outside of the claim and the complaint. Thus, we must assume the truth of Delta's allegation of the existence of a bilateral contract, preventing dismissal of its appeal.

Following notice to the opposing party, the Board can treat a motion to dismiss for failure to state a claim as a motion for summary judgment if we need to consider matters outside of the claim and the complaint to decide them. *See, e.g., Third Coast Fresh Distribution, L.L.C.*, ASBCA No. 59696, 16-1 BCA ¶ 36,340; *Precision Standard, Inc.*, ASBCA No. 54027, 03-2 BCA ¶ 32,265; *see also* FED. R. CIV. P. 12(d). However, DLA's motion is not conducive to this treatment because it does not include evidence sufficient to refute Delta's jurisdictional allegations. Accordingly, we deny DLA's motion to dismiss. DLA may file a motion for summary judgment whenever it believes it to be appropriate. In the absence of a motion for summary judgment, the parties should proceed in accordance with the Board's rules.

Dated: December 17, 2018

DAVID D'ALESSANDRIS
Administrative Judge
Armed Services Board
of Contract Appeals

(Signatures continued)

3

I concur

RICHARD SHACKLEFORD
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

I concur

J. REID PROUTY
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA No. 61670, Appeal of Delta Industries, Inc., rendered in conformance with the Board's Charter.

Dated:

JEFFREY D. GARDIN
Recorder, Armed Services
Board of Contract Appeals

4